## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DENIA BYERLY and ISABEL LUCERO,

      Plaintiffs,

      vs.                                            No. CIV 00-96 LH/WWD

COMPASS GROUP USA d/b/a CANTEEN
CORPORATION, JOE (MANDO) GARCIA,
and EDWIN LUJAN,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment of Plaintiff Byerly's Retaliation Claims (Counts IV and VI) (Docket No. 49), filed September 15, 2000. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, concludes that the Motion shall be **granted.**

Defendant Canteen moves the Court to dismiss Counts IV and VI of the Complaint on the grounds that Plaintiff Byerly failed to exhaust her administrative remedies as required under both Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act. Both counts allege retaliation by Defendant Canteen. Defendant Canteen states that Plaintiff failed to exhaust her administrative remedies regarding the retaliation claims because they are not expressly referenced in Plaintiff's New Mexico Department of Labor, Human Right Division Charge of Discrimination, nor reasonably related to the facts alleged in the charge.

Once the party seeking summary judgment meets its initial burden of showing there are no disputed issues of material fact, the burden shifts to the nonmovant to show specific facts supporting a genuine issue for trial as to all of the essential elements of her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).  The only specific facts shown by Plaintiff Byerly are her charge of discrimination and her affidavit which was attached to the charge.  She contends that the language in these two documents shows that after she complained of sexual harassment, Defendant Canteen retaliated against her in the following three ways: (1) the sexual harassment continued; (2) nothing was done to stop the sexual harassment; and (3) because the sexual harassment continued, she was forced to resign.  She concludes that her retaliation claims are sufficiently alleged in these two documents.  Plaintiff Byerly cites no legal authority supporting her conclusion.

The language cited by Plaintiff Byerly is insufficient to create a dispute of fact that is genuine. *See Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)("an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant").  Neither the charge of discrimination nor the attached affidavit expressly allege retaliation.  Nor is retaliation like or reasonably related to the allegations of sexual harassment in her charge of discrimination because she filed her charge of discrimination after she terminated her employment with Defendant Canteen.  *See Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 799 (10th Cir. 1997)(retaliatory action which occurs after the filing of a charge is reasonably related to the charge, but where a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not be considered to reasonably relate to the charge).  Furthermore, retaliation would not fall within the scope of an investigation that would reasonably grow out of the sexual harassment

charges made by Plaintiff Byerly.  *See Simms v. Oklahoma Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1999); *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993).  Construing the language in the charge of discrimination to include retaliation would defeat the two purposes behind the requirement for administrative exhaustion in discrimination cases:  1) to give notice of the alleged violation to the charged party; and 2) to give the agency an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance.  *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994).

Finally, nothing in the charge or affidavit shows that there was a causal connection between her complaining of sexual harassment and the alleged retaliation.  *See Gunnell v. Utah Valley State College*, 152 F.3d 1252, 1262 (10th Cir. 1998)(to establish retaliation, plaintiff must show that there is a causal connection between the protected activity and the adverse employment action).  The allegedly retaliatory conduct was merely the continuation of the conduct giving rise to the sexual harassment claims.  *See McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996)(no causal connection when nothing changed, i.e. when there was no ratcheting up of the harassment, after plaintiff filed complaint).

I conclude that the Court does not have subject matter jurisdiction over the retaliation claims because Plaintiff Byerly did not exhaust her administrative remedies.  Therefore, Counts IV and VI will be dismissed.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Partial Summary Judgment of Plaintiff Byerly's Retaliation Claims (Counts IV and VI) (Docket No. 49), filed September 15, 2000, is **granted.**

_____
**UNITED STATES DISTRICT JUDGE**